The Attorney General is in receipt of your request for an opinion wherein you state: "The State Banking Board, at its meeting on July 16, 1980, was presented with 1 an application by Oklahoma Trust and Savings Company for a certificate of authority to do trust business in the State of Oklahoma, 2 together with a number of other amendments to their articles of incorporation, change of control, etc. "The Banking Board did not act on this application for the reason of the unclear legal status of this old trust company. The Board has posed the following two (2) questions for your official opinion and encloses a statement of Facts as the Banking Department's records reflect: "(1) a Has the Certificate of Authority issued to State Title and Trust Company (predecessor of Oklahoma Trust and Savings Company), Pauls Valley, Oklahoma, on March 14, 1939 been terminated, forfeited or canceled under State law, and, b if so, is Trust Company required to apply for and obtain a Certificate of Authority from the Oklahoma Banking Board prior to Trust Company actively reengaging in a trust company business in this State? "(2) Does the Oklahoma Banking Board and State Banking Commissioner have the authority under State law to grant a Certificate of Authority to Oklahoma Trust and Savings Company, if such Certificate is required?" The first question merges two distinct inquiries. The first inquiry begins with a factual presumption that a Certificate of Authority to engage in the trust company business was granted on March 14, 1939. Both the presumption and the inquiry predicated upon it are factual issues which must be resolved by the Banking Board. The statutory authority of the Board is delineated in the procedures provided in 6 O.S. 301 [6-301] (1971) et seq. Your request states that the Banking Board is now presented with "an application by Oklahoma Trust and Savings Company for a Certificate of Authority to do trust business in the State of Oklahoma." Application has been made for a Certificate of Authority to engage in the trust company business. The second question presented by your request concerning the authority of the State Banking Board to grant a Certificate of Authority to engage in the trust company business derives from and is controlled by the same statutory procedures, in particular 6 O.S. 306 [6-306]. Title 6 O.S. 102 [6-102](J) (1976) defines the term "Trust Company", as used in the Banking Code, as any person doing a trust company business as set forth in the said Code and the trust departments of banks authorized to engage in the trust company business. Section 6 O.S. 104 [6-104] addresses the effect of the Code on existing trust companies. Certificates and permits of previously organized and existing trust companies shall continue in full force and effect. All such trust companies shall from August 31, 1965, be subject to the provisions of the Banking Code, and any trust company availing itself of or accepting the benefits of the said Code shall be subject to the provisions and requirements thereof in every pertinent particular. Section 6 O.S. 301 [6-301] addresses not only the issuance of a charter but also the granting of authority to engage in the trust company business. It provides that from and after the passage of the Banking Code no charter of authority to engage in the trust company business shall be issued, ". . . and no bank or trust company permitted to engage in business except on certificate issued by the Commissioner upon approval of the Board . . . ." Emphasis added Under 6 O.S. 305 [6-305] (1976), applications must specify the proposed location 6 O.S. 305 [6-305](A)(1), the corporate name 6 O.S. 305 [6-305](A)(3) and the names of persons who proposed to control more than one half of the capital stock 305(A)(5). Section 6 O.S. 305 [6-305](C) requires that the applicants file any proposed articles of incorporation. Title 6 O.S. 306 [6-306] (1979), as amended by Senate Bill 556, Laws 1980, 4, is controlling with respect to applications for authority to engage in the trust company business. The Commissioner must cause an investigation to be made relative to specified statutory criteria, and submit a report to the Banking Board. Under sub-section C the Commissioner is required to set a date of public hearing in accordance with a specified time frame. Sub-section C continues: "At least ten (10) days prior to the hearing, the Commissioner shall mail a notice of hearing to each bank and trust company, including national banks, doing business in the county in which the proposed bank or trust company is to be located, to such additional banks and trust companies, including national banks, as may be doing business within a thirty-mile radius of the location of the proposed bank or trust company, and to such other persons, banks or trust companies as the Commissioner or the Board may designate. Each notice shall be mailed by restricted delivery . . . ." Emphasis added Sub-section D entitles all parties receiving notice of hearing and any citizen to appear and present evidence and argument on all issues involved. Title 6 O.S. 306 [6-306] (1980) is controlling with respect to all applications for authorization to engage in the trust company business. The procedures therein provided are not rendered inapplicable by the fact that the application alleges a corporate charter reflecting such a business as a specified purpose, or that action was taken prior to the effective date of the Oklahoma Banking Code of 1965 in regard to amendments to said charter. Rather, such allegations present factual issues which must be resolved pursuant to 6 O.S. 306 [6-306] proceedings. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: 1. The question of whether the Certificate of Authority issued to State Title and Trust Company, Pauls Valley, Oklahoma, on March 14, 1939, has been terminated, forfeited or canceled under State law is a factual issue to be resolved by the Oklahoma Banking Board pursuant to 6 O.S. 306 [6-306] (1980), proceedings. 2. Title 6 O.S. 306 [6-306] (1980), is controlling with respect to all applications for authority to engage in the trust company business, including those alleging corporate charters or Certificates of Authority obtained prior to the effective date of the Oklahoma Banking Code; and no person may engage in the trust company business without obtaining a Certificate of Authority from the Banking Board. 3. Authority is conferred on the Oklahoma Banking Board and the State Banking Commissioner to grant a Certificate of Authority to engage or reengage in the trust company business by 6 O.S. 301 [6-301] (1971) et seq., and such authority must be exercised in strict compliance with the procedures provided in 306 thereof. (John Paul Johnson)